```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

GERMAN GAUMAN, individually and on
behalf of all other individuals
similarly situated,

                    Plaintiff,
                                              14 Civ. 2587 (RWS)
       - against -
                                                    OPINION
DL RESTAURANT DEVELOPMENT LLC d/b/a
SCALINI FEDELI and MICHAEL CENTRULO,
jointly and severally,

                    Defendants.
------------------------------------------X
A P P E A R A N C E S:
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/15

Attorneys for Plaintiff

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, NY 10007
By: Brandon D. Sherr
    John Gurrieri
    Justin A. Zeller

Attorneys for Defendants

CANTOR EPSTEIN & MAZZOLA, LLP
49 West 37th Street, 7th Floor
New York, NY 10016
By: Gary S. Ehrlich

1

**Sweet, D.J.**

Plaintiff German Gauman ("Gauman") has moved the Court to conditionally certify his lawsuit against Defendants DL Restaurant Development, LLC, doing business as Scalini Fedeli ("Scalini Fedeli") and Michael Centrulo ("Centrulo") (collectively, the "Defendants") as a collective action under the Fair Labor Standards Act.  For the reasons set forth below, the motion is granted.

**Prior Proceedings**

The Plaintiff, a restaurant employee of Scalini Fedeli, brought this action on April 11, 2014 alleging Defendants paid him less than minimum wage and failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and alleging the violations were the result of common policies and practices constituting a collective action on behalf of similarly situated plaintiffs.  Compl. ¶¶ 1-3, 10-11.  Defendants Answered the Complaint on July 9, 2014.  Def.'s Answer.

Plaintiff filed his motion for conditional certification on July 21, 2015.  Pl.'s Mot. to Conditionally Certify Collective

Action (hereinafter, "Pl.'s Mot."). Defendants filed their opposition on August 4, 2015. Def.'s Opp. The motion was heard on submission and marked fully submitted on August 26, 2015.

**Applicable Standard**

Certification of an FLSA class action is a two-step process. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred. At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)(citations omitted).

In order to merit conditional certification as a collective action under the FLSA at the first step, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that

violated the law." Id. (quotation omitted). That modest factual showing "cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." Id. The Court is not concerned with weighing the merits of the underlying claims, but rather with determining whether there are others similarly suited who could opt into the lawsuit and become plaintiffs. See Lloyd v. J.P. Morgan Chase & Co., No. 11 Civ. 9305, 2013 WL 4828588, at *3 (S.D.N.Y. Sept. 9, 2013).

**Conditional Certification as a Collective Action is Granted**

Plaintiff has submitted a single affidavit, his own, to support his motion for conditional certification. See Pl.'s Aff. The affidavit alleges the Plaintiff worked for Scalini Fedeli as a dishwasher and prep cook for between 75 and 81 hours per week over the course of three years, for which he was compensated approximately $400 per week. Id. ¶¶ 2-6. It further alleges Defendants employed approximately seventeen others, many of whom were paid in the same manner. Id. at 13-14. If the affidavit was limited to these facts, Plaintiff may not have provided a sufficient factual basis to meet the liberal standard required for conditional certification. However,

4

Plaintiff's affidavit goes further. It names 7 individuals that Plaintiff specifically alleges were paid similarly, and provides hour and salary information for 4 of them.[1] Id. ¶¶ 10-12. Plaintiff's knowledge of schedules was based on his observations from working in the same environment, and his knowledge of wages based on conversations where each of the four individuals shared their compensation arrangements with him. Id. ¶¶ 10-11, 12.

The case law denying certification holds that total lack of factual allegations supporting a conclusion that other employees are similarly situated is the basis upon which to deny a motion for conditional certification. See e.g., Mata v. Foodbridge LLC, No. 14 CIV. 8754 ER, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (denying conditional certification where Plaintiff's affidavit "include[d] no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions"); see also Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (denying conditional certification due to lack of factual allegations

---

[1] Plaintiff's affidavit alleges that Efrain, a cook, worked 47 hours for a salary of $500 each week. Pl.'s Aff. ¶ 10. Levis, also a cook, allegedly worked 72 hours for a salary of $400 each week. Id. Canela, a dishwasher, allegedly worked 60 hours for approximately $400 each week. Id. ¶ 11. Poncho, a busboy, allegedly worked between 24 and 30 hours a week, but collected only tips and was not paid any wage at all. Id. ¶ 12.

5

showing other employees similarly situated); see also Qing Gu v. T.C. Chikurin, Inc., No. CV 2013-2322 SJ MDG, 2014 WL 1515877, at *3-4 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification where "Plaintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation."). These cases also expound on the missing facts in each case. Defendants argue Gauman's affidavit is analogous to the supporting documentation in these denial cases, and that failure to allege each fact listed by the Court in those cases demands conditional certification be denied. Def.'s Opp. at 5-6. The cases do not stand for such a proposition, and are distinct from this one, which offers factual details as to at least four employees in addition to Plaintiff.

Plaintiff provides specific schedules and individualized salaries for four individuals spanning Defendant's restaurant operation. Pl.'s Aff. ¶¶ 10-11, 12. These facts are based on Plaintiff's observations, having worked at the restaurant exceptionally long hours in general, and with several of the named employees in particular. See Pl.'s Aff. ¶ 5, 10-12 (e.g., "I know Canela's schedule because we worked in the kitchen together and shared similar schedules, and I witnessed when she worked."). These facts are entirely sufficient to support a

6

conclusion that four individuals in addition to Plaintiff, and thus at least than 29% of Defendants' limited number of employees, may be similarly situated to Plaintiff in that they are subject to a common policy or plan of payment that violates the FLSA and NYLL.  That these individuals perform different tasks across the restaurant's regular operations supports a conclusion that all Scalini Fedeli employees may be similarly situated.  This is all that is required to meet the "modest" burden for conditional class certification. Myers, 624 F.3d at 555.

That Plaintiff's affidavit is the lone supporting evidence is of no moment. Mata, 2015 WL 3457293, at *3 ("Defendants are wrong to suggest that Plaintiff was required to buttress his motion with affidavits besides his own or with other documentary evidence.") (citations omitted).  Furthermore, where, as here, facts are alleged supporting Plaintiff's argument that other employees are similarly situated, reliance on Plaintiff's own observations or conversations is not fatal to conditional class certification. See id. at *4 (denying class certification where Plaintiff "does not provide *any* detail as to a *single* observation or conversation informing his decision to bring a collective action" (emphasis in original) (citations omitted)).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for conditional certification is granted, and the parties are directed to provide notice to all potential class members.

It is so ordered.

New York, NY
October 27, 2015

ROBERT W. SWEET
U.S.D.J.